UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
MELVIN DIXON,                           :
                                        :
            Petitioner,                 :    Civ. No. 15-620 (NLH)
                                        :
        v.                              :    OPINION
                                        :
JORDAN HOLLINGSWORTH                    :
                                        :
            Respondent.                 :
_____:

APPEARANCES:
Melvin Dixon, # 08035-025
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
     Plaintiff Pro se

HILLMAN, District Judge

     Petitioner Melvin Dixon, a prisoner confined at Federal Correctional Institution Fort Dix in Fort Dix, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence.

     The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the

petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.  Additionally, although Petitioner submits an institutional account statement for a six-month period, that statement is not certified by an authorized officer of the institution. L. Civ. R. 81.2(b).

Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit

detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

_____s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: April 9, 2015
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).