UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MELVIN DIXON,                       :
                                    :
    Petitioner,                    :   Civ. No. 15-620 (NLH)
                                    :
  v.                               :   OPINION
                                    :
JORDAN HOLLINGSWORTH,                :
                                    :
    Respondent.                    :
_____ :

APPEARANCES:
Melvin Dixon, #63359053
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro se

HILLMAN, District Judge

    On or about January 23, 2015, Petitioner Melvin Dixon, a prisoner confined at Federal Correctional Institution Fort Dix in Fort Dix, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence. (ECF No. 1).  On March 11, 2015, this Court administratively terminated the action for failure to pay the filing fee or submit a complete in forma pauperis application pursuant to Local Civil Rule 81.2(b). (ECF No. 3).

    On or about April 23, 2015, Petitioner submitted a second in forma pauperis application.  The Court has reviewed the application, finds it to be complete, and grants leave to

proceed without prepayment of fees. See 28 U.S.C. § 1915. The Court will now conduct a preliminary review of the Petition as required by Habeas Rule 4. See Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. For the reasons that follow, the Petition will be dismissed for lack of jurisdiction.

## I. BACKGROUND

Petitioner's complaints arise from his termination from employment. Specifically, Petitioner states that he was wrongfully accused of posing a physical threat to Officer Blaszkowski. (Pet. 6, ECF No. 1). Petitioner asserts that, as a result of this allegation, he was fired from his job at the gym, he is no longer allowed to participate in recreational activities at the gym, and he must obtain permission and an escort to go to the barber shop, which is located adjacent to the gym. (Pet. 6-7, ECF No. 1). Additionally, Petitioner contends that he is being harassed by officers at FCI Fort Dix. Id.

Along with his renewed application to proceed in forma pauperis, Petitioner submits an Amended Petition. (ECF No. 4). Essentially, this document is the original Petition, with a three page introductory Addendum. In the Addendum, Petitioner asserts that he has been subjected to additional threats,

harassment and retaliation as a result of the filing of the Petition.

Petitioner states that he sought Informal Resolution and, upon denial of his request, he appealed to the Regional Director. Accordingly, Petitioner asserts that he has exhausted his administrative remedies. He seeks relief in the form of a transfer from FCI Fort Dix to a new facility, lost wages in an unspecified amount, and damages in an amount no less than $500,000.

## II. STANDARD OF REVIEW

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult,

708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

### III. DISCUSSION

Habeas corpus is an appropriate mechanism for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

A habeas corpus petition is also the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). See also Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

Here, Petitioner files this habeas petition pursuant to 28 U.S.C. § 2241 challenging an unspecified prison determination which resulted in the loss of his job, his inability to use the gym facility and restrictions on his ability to visit the barber. To the extent the loss of these privileges was the result of a prison disciplinary proceeding, Petitioner may have believed that a petition under § 2241 was an appropriate avenue

for relief.  However, because these privileges do not affect the length of Petitioner's confinement, or the execution of his criminal sentence, his claims are not cognizable under § 2241. See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002); Preiser, 411 U.S. 475; see also Castillo v. FBOP FCI Fort Dix, 221 F. App'x 172, 175 (3d Cir. 2007) (claims based on loss of privileges did not lie "at the core of habeas"); Levi v. Holt, 193 F. App'x 172, 175 (3d Cir. 2006) (finding that sanctions in the form of loss of privileges cannot be challenged under § 2241 because those punishments do not affect the fact or length of prisoner's confinement or sentence).

Moreover, the Amended Petition sets forth additional allegations of threats and harassment by Bureau of Prisons officials, and Petitioner seems to assert causes of action for discrimination and retaliation. (Add. 2, ECF No. 4).  It therefore appears that the Petition may contain challenges to the conditions of his confinement which are more appropriately brought in an action under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). See Murray v. Bledsoe, 386 F. App'x 139 (3d Cir. 2010); see also, Leamer v. Fauver, 288 F.3d 532; Castillo, 221 F. App'x at 175.

Thus, Petitioner's claims are not cognizable under § 2241 and this Court lacks jurisdiction to consider the Petition.

IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction without prejudice to Petitioner's ability to pursue his claims in a properly filed civil rights action.[1]  An appropriate Order will be entered.

                                      __s/ Noel L. Hillman_____
                                      NOEL L. HILLMAN
                                      United States District Judge

Dated: June 8, 2015
Camden, New Jersey

---

[1] The Court expresses no opinion as to the merits, if any, of any civil rights claims Petitioner may file based upon the facts asserted in the instant Petition.